**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMAL PREET SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-71294<br><br>Agency No. A088-534-558<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Kamal Preet Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the factual findings.  *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that the two phone calls Singh received did not rise to the level of persecution, even considering the cumulative effect, including evidence of the psychological impact of the calls.  *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute[d] harassment rather than persecution"); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so") (emphasis in original).  We lack jurisdiction to consider Singh's economic deprivation of liberty claim because he did not raise it to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below).  We reject Singh's argument that the agency applied the wrong legal standard in analyzing past persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (threats standing alone constitute past persecution in only a small category of cases, and "only when the threats are so menacing as to cause significant actual suffering or harm").

Further, substantial evidence supports the agency's finding that Singh failed to demonstrate his fear of future persecution is objectively well-founded, where he returned to India after the first phone call, *see Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) ("an alien's history of willingly returning to his or her home country militates against . . . a well-founded fear of future persecution"), and has no basis to believe anyone is still looking for him, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding future fear not objectively reasonable under circumstances of the case). Thus, Singh's asylum claim fails.

Because Singh failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not he would be tortured if returned to India. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**